Rockingham, }
Dec., 1897. }

### MERRILL *& a.* v. CURTIS *& a.*

Where a will provides that, after the death of the widow and all the children of the testator, a trust estate is to be divided between the children's children and the legal representatives of such of them as are dead, the representatives of each child of the testator to take an equal share, the estate is to be divided, upon the happening of the contingency, into as many parts as there were children of the testator who left children then surviving, and the children of each of such children of the testator are entitled to one of the parts.

BILL IN EQUITY, praying for direction in the execution of a trust. Jeremiah L. Robinson, late of Exeter, deceased, left a will containing the following provision: " It is my will and I do hereby order and direct that the remaining three fourths part of all my estate shall be held by the said trustees, and all the rents, interest, and income thereof during the lifetime of my wife shall be divided by them semi-annually equally between my wife and my children and the legal representatives of such of them as may have deceased; and after the decease of my wife shall be

divided by them semi-annually equally between my children and the legal representatives of such of them as may have deceased, so long as any one of my children shall be living; and when all my children are dead, then all my estate shall be divided by said trustees equally between their children and the legal representatives of such of them as may have deceased, giving to the representatives of each of my children an equal share." The plaintiffs are the trustees under this provision. The widow and the four children of the testator are dead. The defendant Curtis is the only child of one of these children; the four defendants, Brewers, are the only children of another, and the testator's other two children left no child or issue of any child surviving them. The question is whether the defendant Curtis is entitled to one half or one fifth of the trust estate.

*Eastman, Young & O'Neill*, for the plaintiffs.

*Streeter, Walker & Hollis* and *Niles & Johnson* (of New York), for Curtis.

*John S. H. Frink*, for Brewers.

CHASE, J.    After the death of the widow and all the children of the testator, the trust fund was to be divided between the children's children and the legal representatives of such as may have died, giving to the representatives of each child of the testator an equal share.    The children of a deceased child of the testator are the "representatives" of the child, within the meaning of the word as here used.    The intention is clearly expressed.    Upon the happening of the contingency, the division is to be into as many equal parts as there were children of the testator who left children then surviving, and the children of each one of such children of the testator are entitled to one of the parts.    As only two of the testator's children left children surviving them, the division should be into two parts, of which Mrs. Curtis, as the sole representative of one child, is entitled to one, and the four Brewer children, as representatives of the other child, together are entitled to the other.

*Case discharged.*

All concurred.